**PETER E. HEUSER, OSB No. 811281**
Email: heuser@khpatent.com
**BRANTLEY C. SHUMAKER, OSB No. 065093**
Email: brantley@khpatent.com
KOLISCH HARTWELL, P.C.
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Phone: 503-224-6655
Facsimile: 503-295-6679

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PALAZZO VINTAGE HOMES, LLC, an Oregon company, <br><br> Plaintiff, <br><br> v. <br><br> URBAN HOUSING DEVELOPMENT, LLC, an Oregon company, STEWARDSHIP REALTY, an Oregon company, DEZ DRAFTING & DESIGN LLC, an Oregon company and VLADIMIR OZERUGA, an individual <br><br> Defendant. | Case No. 09-CV-952-PK <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN** <br><br> **JURY TRIAL DEMANDED** |

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Palazzo Vintage Homes, LLC ("Palazzo"), submit this First Amended Complaint to add new Defendants Stewardship Realty, LLC ("Stewardship"), DEZ Drafting and Design, LLC ("DEZ") and Vladimir Ozeruga ("Ozeruga") to its Complaint against Defendant Urban Housing Development, LLC ("UHD"). Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq*.) and false designation of origin under the Lanham Act of 1946, as amended, (15 U.S.C. § 1051 *et seq*.).

2. This Court has original jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121(a).

3. Upon information and belief, Defendant is engaged in conducting business in the state of Oregon and elsewhere in the United States in connection with the allegations of this lawsuit, causing injury to Palazzo in Oregon, and is subject to personal jurisdiction in this district.

4. Upon information and belief, Defendant resides in Oregon for purposes of establishing venue under 28 U.S.C. § 1391(c), and venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims of this action occurred in Oregon.

## THE PARTIES

6. Plaintiff Palazzo is an Oregon company, with a principal place of business at 211 NE Weidler, Portland, Oregon 97232, USA.

7. Palazzo specializes in designing and building high quality, green certified vintage homes.

8. Upon information and belief, Defendant UHD is a company duly organized and existing under the laws of the State of Oregon, with a principal place of business at 6916 SE 85th, Portland, Oregon 97211, USA.

9. Upon information and belief, Defendant Stewardship is a company duly organized and existing under the laws of the State of Oregon, with a principal place of business at 7530 N Willamette Blvd., Portland, Oregon 97203, USA.

10. Upon information and belief, Defendant DEZ is a company duly organized and existing under the laws of the State of Oregon, with the last known location of a registered agent being at 14735 SE Hemmen Ave., Clackamas, Oregon 97015, USA.

11. Upon information and belief, Defendant Vladimir Ozeruga, an individual, is the owner of Urban Housing Development, LLC and resides in the State of Oregon.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

12. Plaintiff Palazzo incorporates by reference the allegations contained in the preceding paragraphs.

13. Palazzo is, and at all relevant times has been, the sole owner of all exclusive rights under United States copyright law with respect to certain of its architectural works (collectively the "Copyrighted Works").

14. On March 4, 2009, Palazzo filed a copyright application for one of the Copyrighted Works entitled "Bella Amica (Built March, 2008)." This application was registered with the number VAu 993-191.

15. Pursuant to 17 U.S.C. § 106, among the exclusive rights granted to Palazzo under United States copyright law are the right to reproduce the Copyrighted Works in copies embodied in both plans and constructed buildings, the right to prepare derivative works based upon the Copyrighted Works, and the right to distribute copies of the Copyrighted Works by sale or other transfer of ownership.

16. Upon information and belief, in or about 2009 Defendant UHD infringed the Copyrighted Works by constructing and/or selling a home located at 8160 N Haven Avenue in Portland, Oregon ("the Accused home"), in violation of Palazzo's exclusive rights. Upon information and belief, Defendant continues to construct and/or sell homes that infringe one or more of Palazzo's Copyrighted Works.

17. Upon information and belief, in or about 2008 and/or 2009 Defendant Ozeruga infringed and/or contributed to the infringement of the Copyrighted Works by participating personally in and/or deriving financial benefits from Defendant UHD's construction and/or sale the Accused home, as well as being the dominant influence in UHD that determined the policies that resulted in the above-described infringement.

18. Upon information and belief, in or about 2009 Defendant Stewardship infringed and/or contributed to the infringement of the Copyrighted Works by listing the Accused home for sale. Upon information and belief, Defendant Stewardship will infringe and/or contribute to the infringement of the Copyrighted Works by selling the Accused home.

19. Upon information and belief, in or about 2008 and/or 2009 Defendant DEZ infringed the Copyrighted Works by creating plans for use in constructing the Accused home.

20. By reason of Defendants' infringement and threatened infringement of Palazzo's Copyrighted Works, Palazzo has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the Copyrighted Works.

21. Defendant's infringements were and are in willful and conscious disregard for Palazzo's rights in and to the Copyrighted Works, and the resulting damage to Palazzo's rights in the Copyrighted Works is such as to warrant increased damages in order to provide just compensation.

22. Palazzo is entitled at least to its actual damages and any additional profits of the Defendants that are attributable to Defendants' infringement, or in the alternative, the maximum statutory damages allowed by law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin)

23. Palazzo incorporates by reference the allegations contained in the preceding paragraphs.

24. Upon information and belief, in or about 2008 and/or 2009 Defendants UHD and/or DEZ claim to have authored the design of the Accused home, which constitutes a false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, Defendant Ozeruga has contributed to the false designation of origin described above by participating personally in and/or deriving financial benefits from Defendant UHD's above-described activities.

26. Upon information and belief, Defendant Stewardship Realty has perpetuated and contributed to the false designation of origin described above by describing the Accused home in real estate listings as being "Another Beautiful home by Urban Housing Development."

27. By reason of Defendants' acts complained of herein, Palazzo is entitled to the remedies provided for in 15 U.S.C. § 1116 *et seq*.

28. Defendants' acts complained of herein were and are in willful and conscious disregard for Palazzo's authorship rights in and to the Copyrighted Works, and the resulting damage to Palazzo's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.    That Defendants have willfully infringed Palazzo's copyrights in the Copyrighted Works;

2.    That Defendants have willfully violated Section 43(a) of the Lanham Act;

3.    That Defendants, their directors, and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined permanently from infringing or contributing to the infringement of the Copyrighted Works;

4.    That Defendants, their directors, and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined permanently from building, selling or marketing homes or home designs, or directing others to commit these acts, in any way that tends to deceive, mislead or confuse the public as to the authorship of the homes or home designs;

5.    For an accounting against each Defendant for an amount adequate to compensate for the Defendant's infringement of Palazzo's copyrights, including:

    a.    actual damages to Palazzo resulting from the Defendant's infringement and the Defendant's profits pursuant to 17 U.S.C.§ 504(b); or

    b.    in the alternative, an accounting against the Defendant for maximum statutory damages of $150,000 as provided by 17 U.S.C. § 504(c);

6.    For an accounting against each Defendant for an amount adequate to compensate for the Defendant's false designation of itself or another as the origin of the Copyright Works, including interest, and that the amount of recovery be increased as provided by law, up to three times as provided by 15 U.S.C. § 1117;

7.    An award to Palazzo of its reasonable attorney's fees and costs; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 8th day of September, 2009.

        Respectfully submitted,

        KOLISCH HARTWELL, P.C.

By /Peter E. Heuser/
Peter E. Heuser, OSB No. 811281
Brantley C. Shumaker, OSB No. 06509
Telephone: 503-224-6655
Facsimile: 503-295-6679

Of Attorneys for Plaintiff