IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PALAZZO VINTAGE HOMES, LLC, | ) | Civil No. 09-952-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| URBAN HOUSING DEVELOPMENT, | ) | |
| LLC, an Oregon company, STEWARDSHIP | ) | |
| REALTY, an Oregon company, DEZ DRAFTING | ) | |
| & DESIGN LLC, an Oregon company; VLADIMIR | ) | |
| OZERUGA, an individual, E & o Ventures, LLC, | ) | |
| an Oregon company; and SLAVIK DEZHNYUK, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Peter E. Heuser
Schwabe Williamson & Wyatt
Pacwest Center
1211 S.W. 5th Avenue, Suite 1900
Portland, OR 97203
        Attorney for Plaintiff

FINDINGS AND RECOMMENDATION - 1

Laura Caldera Taylor
Renee E. Rothauge
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. 5th Avenue
Portland, OR 97204
  Attorneys for Defendants Urban Housing Development,
  Stewardship Realty, and Vladimir Ozeruga

JELDERKS, Magistrate Judge:

  Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  In the alternative, defendants seek an Order requiring plaintiffs to respond to outstanding requests concerning confidentiality designations, expressly warning plaintiffs that further delay will result in dismissal, and enter an Order extending the current scheduling order "such that the first deadlines begin to run 45 days after this Court rules on the motion for terminating sanctions Defendants intend to file."  I recommend denying the motion to dismiss and deny the alternative motion.

  The factual basis of the motion is fully described in defendants' memoranda in support of the motion, and need not be restated here.  Certainly, there has been some delay in the prosecution of this action during the past few months, which has been largely caused by issues related to plaintiffs' counsel's change of law firms.  Defendants' characterization of this action as "on ice," with "no light at the end of the tunnel as to when this case might get back on track" exaggerates the magnitude and significance of the delay.  Defendants' Memorandum in Support of Motion to Dismiss at 8.  The delay, though unfortunate, was not excessive or unreasonable, given the difficulty in securing the transfer of plaintiffs' files.

  In determining whether an action should be dismissed for lack of prosecution, district courts consider the public's interest in expeditious resolution of legal disputes, the court's need to manage its docket, the risk of prejudice to defendants posed by delay, the public

policy favoring resolution of disputes on their merits, and the availability of less severe sanctions.  E.g., In Re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).  These factors in no way favor dismissing the present action.  The relatively minor delay at issue here has neither thwarted the public's interest in the expeditious resolution of this matter nor impinged on the court's management of its docket.  Any risk of prejudice to defendants has been minimal, and is far outweighed by the policy favoring resolution of disputes on their merits.  The court need not consider whether other less severe sanctions might be available, because under the circumstances giving rise to the motion, no sanctions are warranted.

Defendants' request for alternative remedies is not well taken.  It appears that the issue of the confidentiality designations that are the subject of defendants' first requested alternative remedy were resolved last week.  Without any way to know what future circumstances might cause additional delay of presently unknowable duration, I decline plaintiff's request that I "warn Plaintiffs that any further delay will result in dismissal." Finally, I deny the request to extend all deadlines until 45 days following my ruling on an as yet unfiled motion because it appears that granting the motion could inject the sort of delay that defendants oppose with the filing of the present motion to dismiss.

## Conclusion

Defendants' motion to dismiss for lack of prosecution (# 60) should be DENIED. Defendants' motion for alternative sanctions (# 60-1) is DENIED.

FINDINGS AND RECOMMENDATION - 3

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due September 10, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 24th day of August, 2010.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 4